UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MARCELINO<br>BATRES-LANDAVERDE,<br><br>Defendant. | CASE NO. CR18-137RSM<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

This matter is before the Court on Defendant Jose Marcelino Batres-Landaverde's Motion to Dismiss. Dkt. #27. Defendant is charged with one count of violating 8 U.S.C. § 1326(a) by illegally reentering the United States after deportation. Dkt. #16. Defendant seeks dismissal of that charge by attacking his underlying deportation order under 8 U.S.C. § 1326(d). Defendant argues that the "Notice to Appear" in his removal proceeding was statutorily deficient because it did not identify a time for him to appear, that the immigration court resultantly lacked jurisdiction, and that his initial removal order is therefore void. Dkt. #27.

Defendant's argument relies on *Pereira v. Sessions* and the Supreme Court's explanation that "[a] putative notice to appear that fails to designate the specific time or place of the

ORDER DENYING DEFENDANT'S MOTION TO DISMISS – 1

noncitizen's removal proceedings is not a 'notice to appear under section 1229(a)." __ U.S. ___, 138 S.Ct. 2105, 2113–14 (2018).

Numerous courts around the Country have grappled with similar arguments in the wake of *Pereira*, leading to mixed results. However, the uncertainty has been resolved within the Ninth Circuit by the recent opinion in *Karingithi v. Whitaker*, 2019 U.S. App. LEXIS 2775 (9th Cir. Jan. 28, 2019). Defendant acknowledges this in a footnote. Dkt. #27 at 1 n.1. In *Karingithi*, the Ninth Circuit considered a notice to appear that did not specify the "time and date" of the removal proceedings. The Ninth Circuit concluded that, at least where the alien received actual notice of the time and date of the removal proceedings, the notice to appear was sufficient to vest jurisdiction in the immigration court under the applicable statutes and regulations. In so holding, the Ninth Circuit interpreted *Pereira* as resolving the narrow issue before the Supreme Court: "what information a notice to appear must contain to trigger the stop-time rule, which determines whether a noncitizen has been continuously present in the United States long enough to be eligible for cancellation of removal." *Id*.at *5. The Ninth Circuit concluded that *Pereira* did not impact its determination of whether the immigration court had jurisdiction in a particular case.

Defendant argues that "*Karingithi* is neither controlling nor precedential, because it was wrongly decided and it failed to follow Supreme Court authority on how a Court must review agency action such as the regulations here." Dkt. #27 at 9. Defendant contends that the Ninth Circuit improperly relied on a regulation, rather than a statute, in reaching its conclusions, and that the regulation exceeded the authority permitted under 8 U.S.C. § 1229(a)(1)(G)(i), contrary to the separation of powers and non-delegation doctrine. Defendant further contends that *Karingithi* is not on point because it did not involve a criminal prosecution.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS – 2

The Court finds that *Karingithi* is controlling and precedential, and the Court will not deviate from its prior ruling on this subject. *See United States v. Garcia-Lara*, CR18-138RSM, Dkt. #63 (Jan. 29, 2019). Even if Defendant were to convince the Court that *Karingithi* was wrongly decided, the Government correctly points out that Defendant failed to exhaust available administrative remedies by contesting removability during his removal hearing or appealing the removal order to the Board of Immigration Appeals, and that he affirmatively waived his right to appeal. *See* Dkt. #30 at 6. Demonstrating such exhaustion is required for a collateral attack under 8 U.S.C. § 1326(d).

Accordingly, having reviewed the record and for the reasons stated above, the Court finds and ORDERS that Defendant's Motion to Dismiss (Dkt. #27) is DENIED.

DATED this 12 day of March, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE